175 So. 740

**SCOTT v. MASLING et al.**

No. 33880.

June 21, 1937.

Hudson, Potts, Bernstein & Snellings, of Monroe, for appellant.

J. Norman Coon, of Monroe, for appellees.

PONDER, Justice.

This is a suit on two certain promissory notes and for the annulment of a certain mortgage.

The plaintiff and appellant on January 10, 1936, filed a petition alleging that the defendant was indebted unto them in the sum of $7,977.96 with interest and attorneys' fees, subject to certain credits; that the indebtedness was evidenced by two certain promissory notes executed to the defendant by plaintiff; that the said indebtedness is past due and unpaid; that demand was made without avail; that on September 11, 1935, after the maturity of the promissory notes, the defendant executed a blanket special mortgage for the, amount of $24,000 covering all the property of the defendant to any future holder; that the defendant transferred the mortgage note to R. L. Butler, a resident of Texas and a brother of the wife of the defendant; that the mortgage was made for the purpose of defrauding the plaintiff and to give to R. L. Butler an undue preference in fraud of the plaintiff's rights; that at the time the mortgage was given the defendant was insolvent; that the defendant has not sufficient property or assets to pay the plaintiff's claim by reason of said fraudulent mortgage; that in the alternative that if any debt existed for said mortgage it was a pre-existing debt and the mortgage was given to secure a pre-existing debt, which act was a fraudulent and illegal preference given by the defendants to R. L. Butler over his other creditors; that a curator ad hoc be appointed to repre-

sent the absentee, R. L. Butler, and in the prayer of the petition asked for judgment for the amount of the two promissory notes, interest and attorneys' fees less certain credits. The plaintiff further prayed that the mortgage given to R. L. Butler be annulled in so far as petitioner is concerned and that the property so mortgaged be decreed subject to the execution of the judgment to be rendered herein.

No appearance having been made by the defendants, a preliminary default was entered and, after due delay and no answer having been filed or appearance made, the case was taken up for confirmation of default. Upon confirmation, the court rendered judgment on the two promissory notes for the sum of $7,977.96 with interest, attorney's fees and cost less certain credits reserving the right of the plaintiff to prove up the nullity of the mortgage upon proper showing to the court. The plaintiff appealed from this judgment.

Upon examination of the record, we find that, subsequent to the judgment rendered in the lower court, the defendants filed an answer and that the plaintiff filed a motion to strike out the answers on the ground that they came too late, which motion was sustained by the court.

There is no controversy herein as to the correctness of the judgment of the lower court on the two promissory notes. The controversy raised in this appeal is over that part of the judgment of the lower court which reads as follows:

"It is further ordered, adjudged and decreed that the right of plaintiff herein with respect to plaintiff's attack upon the validity of that certain mortgage made by Frank Masling to his own order for Twenty Four Thousand Dollars, bearing Date Register No. 211696 of the records of Ouachita Parish, Louisiana, be reserved in full, with the right of plaintiff to prove up the nullity and invalidity of aforesaid mortgage and take judgment for same in this suit upon proper showing before this Court."

It is unnecessary to go into the contention of the plaintiff or the defendants since the part of the judgment complained of has not been determined by the lower court. The lower court did not give any written reasons for the judgment rendered. Counsel for the plaintiff and counsel for the defendants advanced reasons in their briefs and arguments why the court rendered the judgment herein. We find nothing in the record to support either of their contentions since the court did not reduce its reasons to writing. Therefore, we will have to resort to the actual wording of the judgment itself in order to determine the disposition made by the court. Upon analysis of the judgment, we find that the court reserved the plaintiff's right to prove up the nullity of the mortgage and take judgment in this suit upon proper showing. From the language used by the court it would appear that the court did not think the evidence was sufficient to render judgment to annul the mortgage and left the case open for the purpose of allowing the plaintiff to offer additional

testimony before rendering judgment on that issue. There is nothing in the record to show that the plaintiff tendered additional evidence or informed the court that that was all the evidence that he would offer on that issue. There could be no question that, upon the confirmation of a default, if the court was not satisfied with the sufficiency of the evidence, it could leave the case open to permit the plaintiff to offer additional evidence.

There is nothing in this record to show that the plaintiff did not intend to offer any additional evidence and that the court was apprised of this fact. We cannot go beyond the record and speculate on what the court intended. Since there is nothing in the record to show that the plaintiff informed the lower court that he did not intend to offer any additional evidence and made no request for the court to determine the issue on the testimony adduced, it would appear from the record that the case is an open case and has not been completed.

The judgment of the lower court is correct as far as it goes. The issue as to whether or not the mortgage should be annulled, not having been determined by the lower court, should be remanded to the lower court for disposition.

The judgment appealed from is affirmed, and the case is remanded to the lower court for trial and determination of plaintiff's demand to annul the mortgage herein. The plaintiff to pay the cost of this appeal, and all other costs to await the final disposition of the case.